IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE HERNAN BORDA | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v | * | Civil Action No.  DKC-14-3473 |
| | * | Criminal Action No. DKC-95-267 |
| UNITED STATES | * | |
| | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM OPINION**

On October 31, 2014, Jose Hernan Borda filed a Notice of Clerical Error challenging information contained in his Pre-Sentencing Report.  (ECF No. 621).  He claims he was awarded four "undeserved points for a gun which the judge dismissed with prejudice and which case law holds these points are not applicable to me." (ECF No. 621).  Borda, who was convicted of violating 21 U.S.C. § 846, conspiracy to distribute and to possess with intent to distribute cocaine, and 21 U.S.C. § 841, possession with intent to distribute cocaine, avers that correcting this "error" will lower his total base offense level and reduce his sentence. *Id*.

Rule 35(a) of the Federal Rules of Criminal Procedure provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Cr. P. 35(a).  Borda demonstrates no arithmetical, technical or other clear error in his sentencing and this Notice of Clerical Error was filed long after sentencing.  In sum, Borda does not demonstrate he is entitled to relief under Rule 35(a).

Borda's filing is essentially a challenge to his sentence.  Consequently, the court determines the filing is more appropriately construed as a Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255.  Further, this is a second or successive § 2255

Motion, as Borda's first Motion to Vacate was denied by this court on August 28, 2001. *See Borda v. United States*, Civil Action No. AW-00-1527 (D. Md. 2000). (ECF 542).[1]

A self-represented litigant may not evade the procedural requirements for a second or successive § 2255 motion by attaching other titles to a motion. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (citing *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)); *see also Castro v. United States*, 540 U.S. 375, 381–82 (2003) (stating a court may recharacterize a motion filed by a self-represented litigant "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"). Borda provides no factual or legal basis to review the filing under any other grounds.

Federal inmates are not permitted to file second or successive motions under § 2255 without obtaining certification to do so from a panel of the appropriate court of appeals. 28 U.S.C. §§ 2255(h), 2244(b). As Borda provides no evidence that he has obtained authorization from the United States Court of Appeals for the Fourth Circuit, the motion will be dismissed for lack of jurisdiction.

This Motion provides no grounds for issuance of a Certificate of Appealability ("COA"). A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484).

---

[1] Borda cites no precedent to demonstrate that correction of a clerical error would constitute a new judgment.

Where, as here, a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684–85 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484).  Denial of a Certificate of Appealability does not prevent Borda from seeking permission to file a successive petition or pursuing his claims after obtaining such permission.  Borda may seek redress by filing a Motion to Vacate, Set Aside or Correct Sentence in this court after obtaining the requisite pre-authorization from the United States Court of Appeals for the Fourth Circuit.  An Order consistent with this Memorandum Opinion follows.


  November 18, 2014                            _____/s/_____
Date                                           DEBORAH K. CHASANOW
                                               United States District Judge